IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

AMUSA CONTEH,

    Petitioner,

v.

UNITED STATES ATTORNEY
GENERAL, et al.,

    Respondents.

Case No. 2:17-cv-0958
Chief Judge Edmund A. Sargus, Jr.
Magistrate Judge Elizabeth P. Deavers

## ORDER AND REPORT & RECOMMENDATION

Petitioner, a citizen of Sierra Leone, filed this *Petition* for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 seeking his immediate release from the custody of Immigration and Customs Enforcement ("ICE"). However, the Respondent indicates that, on January 23, 2018, Petitioner was removed from the United States to Sierra Leone pursuant to his removal order. *Declaration of Oscar Blair Jr.* (ECF No. 7-1, PAGEID# 38.) The record thus reflects that Petitioner no longer remains in federal custody. Respondent argues that, as a result, this Court lacks jurisdiction in this habeas corpus action. This Court agrees.

Federal courts are vested with jurisdiction to grant habeas corpus relief if, *inter alia*, a petitioner is "in custody" in violation of the Constitution or laws of the United States. 28 U.S.C. § 2241(c)(3).

> 28 U.S.C. § 2241 is a vehicle to challenge a Board of Immigration Appeals determination. *Calcano–Martinez v. INS*, 533 U.S. 348, 121 S.Ct. 2268, 150 L.Ed.2d 392 (2001); *INS v. St. Cyr*, 533 U.S. 289, 121 S.Ct. 2271, 150 L.Ed.2d 347 (2001). It also may be used to appeal continued immigration administrative custody after final removal order in "post-removal-period" indefinite detention. *Zadvydas v. Davis*, 533 U.S. 678, 121 S.Ct. 2491, 150 L.Ed.2d 653 (2001). The key is I.C.E. custody[.]

*Maldonado Parra v. Gonzalez*, No. 4:4–cv–920, 2006 WL 2463665, at *5 (N.D.Ohio Aug.21, 2006). However, "[o]nce a habeas petitioner is no longer in custody, the court must determine 'whether petitioner's subsequent release caused the petition to be moot because it no longer presented a case or controversy under Article III, § 2, of the Constitution.' " *See Beiruti v. Clawson*, No. 1:08–cv–443, at *2 (W.D.Mich. Feb. 6, 2009) (quoting *Spencer v. Kemna*, 523 U.S. 1, 7 (1998)). In order to meet the case or controversy requirement, a petitioner who has been released from the detention challenged in the petition must establish some concrete and continuing injury or collateral consequences aside from the now-ended incarceration that can be addressed by the habeas corpus petition. *Id.* (citing *Spencer v. Kemna*, 523 U.S. at 7–8)). The deportation of a habeas petitioner during the pendency of a habeas proceeding challenging the removal proceedings will deprive the district court of jurisdiction over the case unless the petition seeks relief from enduring and significant collateral consequences of the deportation. *Zundel v. Berrong*, 106 F. App'x 331, 334–35 (6th Cir. 2004) (citing *Spencer v. Kemna*, 523 U.S. at 7); *see also Ali v. I.N.S.* 2010 WL 3001901, at *2 (N.D. Ohio July 9, 2010) (no subject matter jurisdiction where the petitioner does not seek relief from collateral consequences of his removal, and he has been removed from the United States). Even a notice that reentry into the United States would be barred does not serve as a collateral consequence of deportation sufficient to support continued jurisdiction because the warning, without more, has "'no relevant legal force.'" *Zundel v. Holder*, 687 F.3d 271, 278 (6th Cir. 2012) (quoting *United States v. Perez–Torres*, 15 F.3d 403, 406 (5th Cir. 1994)).

Here, the record indicates that Petitioner has been removed from the United States. The Petition seeks relief from Petitioner's allegedly unlawful detention; Petitioner does not allege any collateral consequences of his removal. This Court concludes that, in light of Petitioner's release

from ICE detention and removal from the United States, this case no longer presents an actual case or controversy. This Court therefore lacks subject matter jurisdiction to consider this habeas corpus petition.

Petitioner also states that he seeks to pursue a civil action against ICE, based on the loss of his personal property, which purportedly has been returned to Africa. Petitioner seeks $16,600.00 in damages. (ECF No. 1-1, PageID# 12-13.) However, such a claim is not properly brought under 28 U.S.C. § 2241 and would, in any event, be barred by sovereign immunity. *See Walton v. United States*, 997 F.Supp.2d 808, 812 (N.D. Ohio Jan. 31, 2014) ("The doctrine of sovereign immunity precludes suits against the United States without its consent.") (citing *Premo v. United States*, 599 F.3d 540, 544 (6th Cir. 2010); *see also Storm v. Bureau of Prisons*, No. 4:08-cv-1690, 2009 WL 1163123, at *3 (N.D. Ohio April 29, 2009) (citing 28 U.S.C. § 2680(c); *Ali v. Federal Bureau of Prisons*, 552 U.S. 214 (2008) (sovereign immunity precludes prisoner's recovery for damages from loss of property by prison officials); *Mann v. Schlottman*, No. 15-cv-12869, 2017 WL 1077669, at *5 (E.D. Mich. March 22, 2017) (citing *Muniz-Muniz v. U.S. Border Patrol*, 741 F.3d 668, 672 (6th Cir. 2013) ("Without a waiver of sovereign immunity, a court is without subject matter jurisdiction over claims against federal agencies.").

The Magistrate Judge therefore **RECOMMENDS** that Respondent's *Motion to Dismiss* (ECF No. 7) be **GRANTED** and that this action be **DISMISSED**.

Petitioner's *Motion for an Immediate Stay of Removal* (ECF No. 4) is **DENIED**, as moot.

### Procedure on Objections

If any party objects to this *Report and Recommendation*, that party may, within fourteen days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting

authority for the objection(s). A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. 636(B)(1).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to have the district judge review the *Report and Recommendation de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the *Report and Recommendation*. See *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

The parties are further advised that, if they intend to file an appeal of any adverse decision, they may submit arguments in any objections filed, regarding whether a certificate of appealability should issue.

Elizabeth A. Preston Deavers
United States Magistrate Judge